## Berger Estate.

Argued September 29, 1948. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James A. Danahey,* with him *John L. Packer* and
*Horton Smith,* for appellant.

*John T. Conner,* with him *Dalzell, McFall, Pringle
& Bredin,* for appellee.

OPINION BY MR. JUSTICE DREW, November 8, 1948:

This appeal by William H. Berger is from the final decree of the Orphans' Court of Allegheny County distributing the balance shown in the Fourth and Final Account of the Fidelity Trust Company, surviving Trustee under the will of Jane M. Berger, who died on January 16, 1920.

Testatrix, by Item Nine of her will, divided her residuary estate into fourths, two of which require distribution to her two daughters, Lydia B. Arter and Elizabeth B. Dunlap, and the other two are settled in active trusts—in one of which a son, J. Frank Berger, and others, are named beneficiaries, and in the other the named beneficaries are Margaret R. Berger, widow of a son, William A. Berger, and his two children, Margaret Rolfe Berger and appellant. It is this latter trust with which we are here concerned. The language of the disposition of this one-fourth (Item Nine [d]) is as follows:

"(d) One-fourth (¼) thereof I give and bequeath unto FIDELITY TITLE AND TRUST COMPANY OF PITTSBURGH, PENNSYLVANIA, and WILLIAM S. DALZELL, my hereinafter-named Executors, IN TRUST to invest the same and to pay the net income therefrom as follows:

"1. One-third (⅓) of said income to MARGARET R. BERGER, Widow of my Son, WILLIAM A. BERGER, during her natural life, or so long as she remains unmarried.

"2. The balance or remainder of said income, share and share alike, to the Guardian or Guardians of WILLIAM HENRY BERGER and MARGARET ROLFE BERGER, Children of my Son, WILLIAM A. BERGER, Deceased, until said Children respectively reach the age of twenty-one (21) years; and then in like proportions to each of said Children until they respectively reach the age of thirty-five (35) years.

"3. When MARGARET ROLFE BERGER shall have reached the age of thirty-five (35) years, the trust as to her proportion of the estate shall cease, and the principal so released shall be delivered to her.

"4. When WILLIAM HENRY BERGER shall have reached the age of thirty-five (35) years, the trust as to his proportion of the estate shall cease, and the principal so released shall be delivered to him.

"5. In the event of the death of MARGARET ROLFE BERGER before she reaches the age of thirty-five (35) years, or in the event of the death of WILLIAM HENRY BERGER before he reaches the age of thirty-five (35) years, her or his respective share shall be held by the Trustees for the benefit and support during the minority of and toward the education of any Child or Children left by said Grand-child of mine; and upon the majority of such Child or Children of my said Grand-son or Grand-daughter, the principal or corpus of his, her or their respective share shall be paid to such beneficiary. But should MARGARET ROLFE BERGER or WILLIAM HENRY BERGER die childless, his or her share shall go to or remain in trust for the benefit of the survivor of MARGARET ROLFE BERGER and WILLIAM HENRY BERGER; and if both should die childless during the continuance of said trust, the principal or corpus shall be paid to the beneficiaries mentioned in Item Nine, Sub-divisions '(a)', '(b)' and '(c)' of this my Will."

It is clear from a reading of this paragraph of the will that testatrix failed to provide for a gift over, upon the death of Margaret R. Berger, widow of her son, William A. Berger, of the principal which was set aside to produce income for her during her lifetime. Margaret R. Berger died on December 1, 1946, and it is from the decree distributing the principal which had been set aside to produce income for her this appeal is taken.

The learned court below was of the opinion that this failure to provide a gift over amounted to a "lapse"

of such interest as that word was used by testatrix in the Fourteenth Item of her will, and it, therefore, distributed the fund in equal one-fourth shares to Executors of the Estate of Lydia B. Arter, a daughter; Elizabeth B. Dunlap, a daughter; Fidelity Trust Company, Trustee for J. Frank Berger, a son, et al.; and appellant. The Fourteenth Item of the will provides as follows:

"ITEM FOURTEEN. IT IS THE INTENT AND PURPOSE OF this my Will that there shall be an equal division of my estate among those herein named; and, if there should occur a *lapse* of any interest, IT IS MY PURPOSE that such interest shall be equally divided among the beneficiaries or their representatives in accordance with the provisions of Item Nine hereof, representatives taking pro rata the share the parent, if living, would have taken." (Italics added.)

Appellant contends that the entire fund should have been decreed to him. He argues that a careful reading of the entire will shows a clear intention on the part of testatrix that the residuary estate was to be divided into equal one-fourths—one to be paid to her daughter, Lydia B. Arter; one to her daughter, Elizabeth B. Dunlap; one in trust for her son, J. Frank Berger, et al.; and one in trust for her daughter-in-law, Margaret R. Berger, now deceased, and her children, Margaret Rolfe Berger, also now deceased, and William H. Berger, appellant; and that the beneficiaries of each equal part were to enjoy the entire amount of that particular part. For this reason, he contends that a gift over to him, as the survivor of the beneficiaries named in Item Nine (d), should be implied.

With this argument, we cannot agree. It is manifest that testatrix did not dispose of the amount of principal which was set aside to produce. income for her son's widow, Margaret R. Berger. Therefore, as to this portion of the corpus, testatrix died intestate. Under these circumstances, the Court is without power to rewrite the will so as to provide for a gift over. It is well

settled, as we said in *Verner Estate*, 358 Pa. 280, 285, 56 A. 2d 667: ". . . where the testator had thus failed to make provision for a contingency which actually happened, or to cover circumstances which subsequently resulted, a decree of intestacy was unavoidable." The Court is always reluctant to supply words of material import to a will: *Elkins' Estate*, 339 Pa. 193, 12 A. 2d 83. ". . . interpretation is never to assume the proportions of reformation. The question is confined to the meaning of what the testator has said, and does not extend to the consideration of what he might have said but did not.": *DeSilver's Estate*, 142 Pa. 74, 76, 21 A. 882.

Nor do we agree with the learned court below that testatrix's failure to provide for a gift over of this amount of principal amounted to a "lapse" of such interest under the provisions of the Fourteenth Item of the will. In construing a will, technical words of definite meaning ordinarily must be given their legal or definite effect: *Barnard Estate*, 351 Pa. 313, 41 A. 2d 578. The will here under consideration is artistically and intelligently written by one well versed in testamentary writings. We are convinced that the only construction which can be placed upon that word, as used by testatrix, is its generally recognized legal meaning, i. e., the failure of a testamentary gift in consequence of the death of the devisee or legatee during testatrix's lifetime. See Black's Law Dictionary, sec. ed., p. 697.

Therefore, the decree must be reversed and the record remitted to the court below in order that a decree may be entered distributing the balance shown in the Fourth and Final Account of the Fidelity Trust Company, surviving Trustee, in accordance with the Intestate Laws of this Commonwealth. The intestacy relates back to the time of testatrix's death on January 16, 1920: *Leopold Estate*, 356 Pa. 543, 52 A. 2d 458. In entering a decree it must be remembered, therefore, that the daughter of testatrix's son, William A. Berger, died sub-

sequent to the death of testatrix and for that reason her estate has a distributive interest.

Decree reversed, and the record remitted to the court below in order that a decree may be entered consistent with this opinion.