Bickert Estate.

Argued January 11, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MAN-DERINO, JJ.

*Marvin L. Wilenzik,* with him *Gerber, Davenport & Wilenzik,* for appellant.

*John P. Yatsko,* with him *Fitzgerald & Yatsko,* for appellees.

OPINION BY MR. JUSTICE POMEROY, May 25, 1972:

The question presented by this appeal is whether in the absence of a gift over in a will, the prior death of the sole legatee, testatrix' sister, caused the devise to

her to lapse and thus pass by intestacy to the two children of the testatrix, or whether testatrix' niece, the daughter of the named residuary legatee, takes through her mother.

On December 26, 1970, the decedent, Marie J. Bickert, and her sister, Frances Sweeney, both in their seventies, were found dead in the house they shared in Lower Frederick Township, Montgomery County. Which sister died first is unknown, but under the Uniform Simultaneous Death Act Marie Bickert, the testatrix, is presumed to have survived.[1]

Mrs. Bickert died testate, survived by two adult sons, William F. Bickert and Harry F. Bickert, appellees herein. Her will, dated July 7, 1969, named Frances Sweeney as the only beneficiary. In pertinent part the will provided:

"2. I devise my premises where I now live in Lower Frederick Township, together with the contents of said real estate, together with any insurance policies thereon, to my sister, Frances Sweeney.

"3. I devise and bequeath the rest, residue and remainder of my estate, of every nature and wherever situate, to my sister, Frances Sweeney." There was no gift over in the event that Mrs. Sweeney predeceased the testatrix.

The will was duly probated, and, the corporate fiduciary named as executor having renounced, the Register of Wills appointed the appellees as administrators c.t.a. of their mother's estate. Thereupon Marie Trowbridge, the only issue of Frances Sweeney, filed a peti-

---

[1] Section 1 of the Uniform Simultaneous Death Act, Act of June 19, 1941, P. L. 138, 68 P.S. §521, provides as follows: "Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived. . . ."

tion for declaratory judgment asserting that she alone was entitled to take under the will in the place of her mother, and by the same token entitled to the grant of letters of administration under §305 of the Fiduciaries Act of 1949, Act of April 18, 1949, P. L. 512, as amended, 20 P.S. §320.305. The petition stated that appellees refused to recognize her rights, and prayed for a determination of the antagonistic claims, so that orderly administration of the estate could be proceeded with. The case was heard on the pleadings, apparently without a hearing, resulting in judgment in favor of the two sons. The niece has appealed.[2] We affirm.

Normally, when a testamentary gift fails due to the death of a devisee or legatee during the testator's lifetime, a lapse occurs. *Berger Estate,* 360 Pa. 366, 371, 61 A. 2d 855 (1948). Lapsed nonresiduary gifts fall into the residue, while lapsed residuary bequests or devises pass to other residuary legatees or devisees, if any, and in their absence pass as by intestacy. Act of April 24, 1947, P. L. 89, §§14(9) and (10), 20 P.S. §§180.14(9) and (10). Clearly, if the testamentary gifts to Frances Sweeney lapse, the entire estate must pass by intestacy to appellees, testatrix' heirs at law, because the sister is the sole residuary legatee.

To reduce the incidence of lapses, generally disfavored in the law, Pennsylvania has long had an antilapse statute. It is presently found in §14(8) of the Wills Act as a rule of construction, as follows: "In the absence of a contrary intent appearing therein,

---

[2] At oral argument, appellee Harry F. Bickert appeared in propria persona to state that he had made an assignment of his interest in this estate to appellant, whom he would be glad to see succeed in this appeal. He also informally announced the death of his brother, William F. Bickert, the other appellee. The effect of such assignment and the death of William Bickert are matters to be taken into consideration in the framing of the final decree in this estate.

wills shall be construed as to real and personal estate in accordance with the following rules: ... (8) Lapsed and void devises and legacies.—Substitution of issue. A devise or bequest ... to ... [testator's] brother or sister ... shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue ...; Provided, That such a devise or bequest to a brother or sister ... shall lapse to the extent to which it will pass to the testator's spouse or issue as a part of the residuary estate or under the intestate laws." Act of April 24, 1947, P. L. 89, §14(8), 20 P.S. §180.14(8).

Since the testatrix left issue surviving, appellant concedes that absent a contrary intention, the proviso clause above dictates a lapse and a consequent intestacy in the case at bar.[3] She urges us to hold, however, that because testatrix knew her sons to be alive when her will was written, yet in the only two dispositive paragraphs of her will, gave her entire estate to her sister, testatrix' intention to disinherit her children is clear. We cannot agree. The only intent possible to discern from the will is that testatrix favored her sister over her sons as primary beneficiary of her entire estate. There is nothing whatever in the instrument which indicates that testatrix would have favored her niece over her sons in the circumstance that occurred, and were we to so hold, the proviso clause in §14(8) would be

---

[3] "In all cases where a lapse would clearly cause an intestacy, the proviso is easy to apply, and except for the new provision for testator's widow, the law has remained unchanged since 1844. Thus, if testator is survived by a widow and children, but leaves his entire estate to his brother who dies before testator but is survived by issue of his own, the gift to the brother will clearly lapse and the property will pass to the spouse and testator's children under the Intestate Act. See, for example, Barnett's Estate, 104 Pa. 342 (1883)." Bregy, *Wills Act*, §14(8), pp. 3267-8. See also Aker, *Pennsylvania Probate and Interpretation of Wills*, §4.9J (1963).

rendered nugatory. The legislature's concern that "in the absence of a contrary intent appearing [in the will]" the spouse and children of the testator are the next favored beneficiaries after brothers or sisters (or a child of a brother or sister) is not to be thus ignored. *Corbett Estate*, 430 Pa. 54, 241 A. 2d 524 (1968) is in no way to the contrary of this holding, and the cases from other jurisdictions cited by appellant are not helpful in applying the Pennsylvania statutory provision here involved.

Decree affirmed. Costs on appellant.