411 A.2d 748

**ESTATE of Emerson I. KEHLER, Deceased.**

**Appeal of Ethel Kehler CHUPP.**

Supreme Court of Pennsylvania.

Argued Dec. 10, 1979.

Decided Feb. 1, 1980.

Reargument Denied March 17, 1980.

Charles H. Weidner, C. Thomas Work, Reading, Carl Rice, Sundburg, for appellant.

Sanford S. Marateck, Frank J. Konopka, Shamokin, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Testator, Emerson Kehler, died in April of 1975. By paragraph THIRD of his will, he disposed of the residue of his estate:

"All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever nature and wheresoever situated, I give, devise and bequeath unto my brother, RALPH KEHLER, of Reading, Pennsylvania, and my sisters, VIOLA WELKER, of Lavelle, Pennsylvania, ADA SHARTEL, of Reading, Pennsylvania, and GERTRUDE KRAPF, of Stroudsburg, Pennsylvania, and to the survivor or survivors of them, equally, share and share alike, to have and to hold unto themselves, their heirs and assigns forever."

Ralph Kehler predeceased testator, but Ralph Kehler's daughter, appellant Ethel Chupp, survived testator.

At issue on this appeal is whether appellant may take the share of the residue her father Ralph Kehler would have received had he survived testator. Appellant takes the position that testator's intent concerning the disposition of the bequest to a predeceased sibling is ambiguous. She maintains, therefore, that the relevant "anti-lapse" statute, 20 Pa.C.S. § 2514(9), applies. Section 2514(9) provides:

*"Rules of interpretation*

In the absence of a contrary intent appearing therein, wills shall be construed as to real and personal estate in accordance with the following rules:

\*       \*       \*       \*       \*       \*

(9) Lapsed and void devises and legacies; substitution of issue. A devise or bequest to a child or other issue of the testator or to his brother or sister or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator: Provided, That such a devise or bequest to a brother or sister or to the child of a brother or sister shall lapse to the extent to which it will pass to the testator's spouse or issue as a part of the residuary estate or under the intestate laws." *

The Orphans' Court Division of the Court of Common Pleas of Northumberland County disagreed. It concluded that the language of testator's will, particularly "and to the survivor or survivors of them," manifests testator's "contrary intent" within the meaning of section 2514 to limit takers to those named siblings who are living at testator's death, thus precluding operation of subsection (9). We agree with appellant that the orphans' court misinterpreted testator's will.

■ This Court has not yet held that a testator must expressly provide for a possible lapse to manifest "contrary intent" overcoming operation of the anti-lapse statute. See *Corbett Estate*, 430 Pa. 54, 61 n.7, 241 A.2d 524, 527 n.7 (1968). Surely, however, a "contrary intent" must appear with reasonable certainty. See id., 430 Pa. at 62–63, 241 A.2d at 527–28. Accord, *Sykes Estate*, 477 Pa. 254, 257, 383 A.2d 920, 921 (1978).

Testator's will here permits no such certainty. In paragraph THIRD of his will, Testator fails to make an express statement concerning his intended disposition of residue in the event a named beneficiary predeceases him. Instead, he merely states his desire to leave the residue to his named

---

* There is no claim that the "provided" clause of § 2514(9) is apposite.

siblings "and to the survivor or survivors of them." By contrast, in other paragraphs of his will, testator expressly provides for the possibility of lapse. In paragraph FIRST, in which testator gives his nephew Emerson Asher Shoemaker a monetary gift, testator provides:

"I give and bequeath the sum of One Thousand ($1,000.00) Dollars, unto my nephew, EMERSON ASHER SHOEMAKER, of Reading, Pennsylvania, should he survive me, but if he predeceases me, then this paragraph of my Will shall be null and void and of no effect."

In Paragraph SECOND, testator employs the identical language manifesting an intent to provide a lapse in another bequest of $1,000 to another nephew, Larry Welker. There, testator again stated "if he predeceases me, then this paragraph of my Will shall be null and void and of no effect."

■ Testator's careful use of express language directing a lapse of these bequests in his will raises considerable doubt that he intended a lapse in paragraph THIRD, where no such language is used. It cannot now be said with the requisite reasonable certainty that testator intended a lapse of residuary bequests under paragraph THIRD. In accordance with the Legislature's directive contained in 20 Pa.C.S. § 2514(9), it must be presumed that testator did not intend his bequest to Ralph Kehler to lapse. By way of the same statute, appellant may share in the residuary estate.

Decree vacated and case remanded for proceedings consistent with this opinion. Each party pays own costs.

NIX, J., did not participate in the consideration or decision of this case.

LARSEN, J., filed a dissenting opinion, in which EAGEN, C. J., joins.

LARSEN, Justice, dissenting.

I dissent. I believe the testator clearly expressed his intention in Paragraph Third to distribute the residue of his estate to the survivor or survivors of the four named siblings. It is not surprising that testator used different lan-

guage in the first and second paragraphs as those paragraphs mentioned only one individual each—each paragraph was a specific monetary legacy to a specific individual.

The majority observes the testator "merely states his desire to leave the residue to his named siblings 'and to the survivor or survivors of them.' " I agree with this observation, but contrary to the majority, I would affirm the Orphans' Court because of this "merely stated" expression of intent, and would affirm the distribution of the estate in accordance with his intent.

EAGEN, C. J., joins in this dissenting opinion.