J-A25041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOANNE F. MAHONSKI, ET AL., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROLINE M. ENGEL, ET AL. | : | No. 302 MDA 2019 |

Appeal from the Order Entered January 18, 2019
in the Court of Common Pleas of Lycoming County
Civil Division at No(s):  CV-2018-0000938-EX

BEFORE:  STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 27, 2019**

Joanne F. Mahonski, *et al.* (collectively, "Plaintiffs"), appeal from the Order sustaining the Preliminary Objections filed by Caroline M. Engel, *et al.* (collectively, "Engel"), wherein Engel sought to uphold a prior award, by this Court, of attorneys' fees against Plaintiffs and in favor of Engel.  We affirm the Order, and vacate the underlying Judgment, in part.

In August 2011, and August 2012, respectively, Plaintiffs (most of whom are Engel's numerous siblings) filed two separate Complaints against Engel. Plaintiffs alleged, *inter alia*, breach of contract/quiet title, concerning a 1990

family real estate transaction, and the mineral rights to a parcel of unimproved land.[1]

Following a muddled procedural history that is not relevant to this appeal, in 2015, the trial court granted a Motion for summary judgment filed by Engel, and dismissed several of Plaintiffs' claims. As to the remaining claims, a jury later rendered a verdict in favor of Engel in May 2015. Plaintiffs then filed a Post-trial Motion, asserting, for the first time, that the trial court lacked subject matter jurisdiction to adjudicate the cases, for the failure to join an indispensable party.[2] The trial court denied the Post-trial Motion.

Plaintiffs appealed, and filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal, which raised 87 separate allegations of trial court error. In its responsive Rule 1925(a) Opinion, the trial court recommended that this Court find that Plaintiffs waived all of their issues, due to the "abusive" number of claims of error they raised in their Concise Statement, which were "overly vague, redundant [and] prolix." This Court affirmed, agreeing with the trial court. ***Mahonski v. Engel***, 145 A.3d

_____

[1] Counsel for Plaintiffs, Leo F. Klementovich, Esquire ("Attorney Klementovich"), has an interest in the property at issue. Attorney Klementovich also represents Plaintiffs in connection with the instant appeal.

[2] Additionally, in November 2015, Attorney Klementovich filed a Praecipe with the trial court Prothonotary (hereinafter, the "Praecipe to Discontinue"). He requested discontinuance of the action insofar as it pertained to only one of the plaintiffs, Diane K. Masters ("Masters"), as Administratrix of the Estate of Robert C. Mahonski and as Executrix of the Estate of Eleanor B. Mahonski. Engel did not object to this Praecipe.

175 (Pa. Super. 2016) (hereinafter "*Mahonski I*"). Plaintiffs filed a Petition for allowance of appeal, which the Pennsylvania Supreme Court denied. *Mahonski v. Engel*, 145 A.3d 175 (Pa. 2017).

Shortly thereafter, Plaintiffs filed a "Petition to Open or Vacate," wherein they again challenged the trial court's subject matter jurisdiction. Following the trial court's denial of this Petition, Plaintiffs appealed. In response, Engel filed a Petition for Counsel Fees ("Petition for Fees"), asserting that the appeal was frivolous, and that Engel had incurred fees in the amount of $4,416.94, for which Plaintiffs should be held responsible. The trial court requested that this Court grant Engel's Petition for Fees, opining that Plaintiffs' claim was frivolous and "at the pinnacle of absurdity." Statement in Lieu of Opinion, 10/24/17, at 1 (unnumbered).

In May 2018, this Court affirmed and (1) rejected Plaintiffs' challenge to subject matter jurisdiction; and (2) awarded Engel attorneys' fees in the amount of $4,416.94, pursuant to Pa.R.A.P. 2744 (providing that an award of attorneys' fees is permissible when an appellate court determines "that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."). *Mahonski v. Engel*, 192 A.3d 269 (Pa. Super. 2018) (unpublished Judgment Order) (hereinafter "*Mahonski II*"). Notably to the instant appeal, neither the trial court nor this Court held a hearing concerning

the Petition for Fees.  On June 29, 2018, the trial court Prothonotary issued a Notice of Entry of Judgment to Plaintiffs and Attorney Klementovich.

Plaintiffs did not seek allowance of appeal with our Supreme Court in **Mahonski II**.  Rather, on July 17, 2018, they filed a Petition ("Petition to Strike") requesting that the trial court strike or vacate the award of attorneys' fees to Engel, and enter an award of attorneys' fees in favor of Plaintiffs.  Plaintiffs also challenged, on procedural due process grounds, the award of attorneys' fees to Engel, where no hearing had been conducted on the matter.  Engel filed Preliminary Objections in opposition to the Petition to Strike.

By an Order entered on January 18, 2019, the trial court denied Plaintiffs' Petition to Strike.  The court opined in this Order that it lacked jurisdiction to entertain Plaintiffs' challenge, where they had not sought reargument concerning **Mahonski II**, and/or allowance of appeal with the Supreme Court.  **See** Order, 1/18/19, at 2 (unnumbered) (stating that "[a] lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from [a] judgment of a reviewing court as to any matter decided on appeal." **Blymiller v. Baccanti**, 344 A.2d 680, [681] … [(Pa. Super. 1975)].  Assuming *arguendo* that collateral relief was a viable option[,] … Plaintiffs' Petition [to Strike] … does not allege sufficient facts for the [trial c]ourt to grant any form of relief.").  Plaintiffs timely filed a Notice of Appeal, followed by a court-ordered Concise Statement of errors

complained of on appeal. The trial court then issued a Pa.R.A.P. 1925(a) Opinion.

On appeal, Plaintiffs present the following issues for our review:

1. Whether the lower court erred in dismissing [Plaintiffs'] [P]etition [to Strike] without conducting a hearing on the merits[?]

2. Whether the lower court erred in refusing to vacate the [J]udgments of [the] Superior Court against [Plaintiffs], which were entered in violation of their constitutional right to due process of law[?]

3. Whether the lower court erred in granting [Engel's] [P]reliminary [O]bjections[,] and denying [Plaintiffs'] [P]reliminary [O]bjections to said [P]reliminary [O]bjections, causing a false [J]udgment against … Masters … to remain on the docket of the Lycoming County Court of Common Pleas[?]

Brief for Plaintiffs at 5 (issues renumbered).

We will address Plaintiffs' first two issues together, as they are related. Plaintiffs argue that this Court's Judgment Order in **Mahonski II**, which awarded attorneys' fees to Engel, is invalid and unenforceable, as it was entered in violation of Plaintiffs' right to procedural due process and a hearing. **See id.** at 18-25. In support, Plaintiffs rely on this Court's decision in **Kulp v. Hrivnak**, 765 A.2d 796 (Pa. Super. 2000), which applied the attorneys' fees provision of the Judicial Code, 42 Pa.C.S.A. § 2503,[3] and stated that "[i]n

---

[3] Section 2503 authorizes an award of reasonable attorneys' fees, in relevant part, to "[a]ny participant who is awarded counsel fees as a sanction against another party for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7).

determining the propriety of an award of attorneys' fees based upon a litigant's bad faith, and [where] the record is unclear as to facts surrounding the litigant's conduct, a hearing must be held to develop the record on the bad faith issue." *Kulp*, 765 A.2d at 799-800 (footnote omitted). Plaintiffs urge that the *Mahonski II* panel improperly acted as a fact-finder in determining that an award of fees was appropriate. Brief for Plaintiffs at 20. Plaintiffs further contend that the panel failed to specify the precise basis upon which an award of attorneys' fees to Engel was warranted, *e.g.*, bad faith by Plaintiffs or frivolity, and improperly denied Plaintiffs an opportunity to challenge any allegations that would arguably support an award of fees against Plaintiffs. *Id.* at 24.

In its Rule 1925(a) Opinion, the trial court rejected Plaintiffs' claim, and their reliance upon *Kulp*, *supra*, stating as follows:

> [The] *Kulp* [Court] … held that "[i]n determining the propriety of an award of attorneys' fees based upon a litigant's bad faith, and [where] the record is unclear as to facts surrounding the litigant's conduct, a hearing must be held to develop the record on the bad faith issue." [*Kulp*, 765 A.2d at 799-800 (footnote omitted).] … The [C]ourt in *Kulp* … went on to assert that "[the] facts necessary for [the] trial court to find dilatory conduct on the part of [litigants] were admitted and undisputed, [and] therefore[,] no evidentiary hearing was necessary[,"] before [the trial] court *sua sponte* awarded attorney[s'] fees against litigants based on their dilatory conduct.[] It is undisputed[, in the instant appeal,] that [Plaintiffs] had filed an appeal challenging the [O]rder denying their [P]etition to [O]pen or [V]acate[,] after the [Supreme Court's] denial of their [P]etition for allowance of appeal [in *Mahonski I*]. Furthermore, it is undisputed that [Plaintiffs'] counsel, [Attorney] Klementovich [], asserted[, in the Post-trial Motion filed prior to *Mahonski I*,] that not all appropriate parties had been joined[,] six years after litigation commenced, and that

[the trial c]ourt lacked jurisdiction. Although disposition of claims for attorney[s'] fees based upon a litigant's conduct generally requires an evidentiary hearing, no hearing is necessary where[, as here,] the facts are undisputed. *In re Estate of Burger*, 852 A.2d 385[, 391 (Pa.] Super. 2004[) (citing *Kulp*, 765 A.2d at 800, for the proposition that no evidentiary hearing concerning attorneys' fees is necessary where facts are undisputed)]…. Th[e trial c]ourt [in this case] opines that these facts amount to dilatory conduct, and that any contention that [Plaintiffs'] constitutional right to due process were violated [is] meritless. … The [*Mahonski II*] Court affirmed [the trial c]ourt's Order finding that [Plaintiffs'] appeal was frivolous and should be quashed; this [c]ourt is bound by the Superior Court's [O]rder. [*See Blymiller*, *supra*].

Trial Court Opinion, 4/8/19, at 3-4, 5 (unnumbered) (paragraph breaks omitted). Our review discloses that the trial court's sound rationale is supported by the law and the record. Accordingly, we affirm on this basis as to Plaintiffs' first two issues. *See id.*[4]

In their third and final issue, Plaintiffs claim that, at the time that the *Mahonski II* Court ordered them to pay Engel attorneys' fees, Masters had already been discontinued as a party in the underlying litigation and did not participate in the appeal; nevertheless, the caption of the Judgment listed Masters as a party. *See* Brief for Plaintiffs at 15-18. According to Plaintiffs,

---

[4] The trial court correctly observed that no fact was in dispute. Prior to the *Mahonski II* Court's issuance of its Judgment Order, and award of attorneys' fees to Engel, the trial court had found that Attorney Klementovich's appeal on behalf of Plaintiffs was frivolous and "at the pinnacle of absurdity," particularly where the Superior Court, in *Mahonski I*, had already rejected the claim that Attorney Klementovich again raised in *Mahonski II*. *See Mahonski II*, 192 A.3d 269 (unpublished Judgment Order at 1). Therefore, no evidentiary hearing was necessary, *see Kulp*, *supra*, and Plaintiffs were not deprived of due process.

Engel "deliberately caused a false judgment to be entered against [Masters]," which was a "malicious action … motivated by family vitriol related to the underlying litigation[.]" *Id.* at 16. Additionally, Plaintiffs have filed with this Court a separate Application for Relief, wherein they again object to the entry of Judgment insofar as it pertains to Masters (hereinafter "Application Re: Masters"), and request that we enter an award of attorneys' fees against Plaintiffs based upon their "vindictive" conduct against Masters.

Engel does not challenge Plaintiffs' Application Re: Masters, nor did she previously object to the Praecipe to Discontinue.[5] To the extent that the Judgment entered pursuant to *Mahonski II* implicates Masters, we vacate it as improvidently entered, as Masters's claim had been discontinued well prior to Plaintiffs' appeal and the entry of Judgment. However, we deny Plaintiffs' request in the Application Re: Masters for an award of attorneys' fees against Engel.

Finally, Engel has also filed with this Court an Application for Relief (hereinafter "Application for Fees"). Therein, she requests an award of attorneys' fees, in the amount of $3,487.50, concerning her counsel's work in connection with the instant appeal, asserting that Plaintiffs filed this appeal in bad faith. We deny the Application for Fees.

---

[5] The trial court also did not address this matter in its Rule 1925(a) Opinion.

Order affirmed; underlying Judgment against Masters vacated in accordance with this Memorandum; Engel's Application for Fees denied; Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2019