J-S38003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WAYNE T. SANDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIZABETH A. SANDS | : | |
| | : | |
| Appellant | : | No. 1629 EDA 2022 |

Appeal from the Order Entered May 23, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
A06-2020-61675-C

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JUNE 2, 2023**

Elizabeth A. Sands ("Mother") appeals from the order awarding Wayne

T. Sands ("Father") attorney's fees following its finding that Mother engaged

in vexatious and bad faith litigation.[1]  Following our review, we vacate the

order and remand for an evidentiary hearing.

The trial court set forth the factual and procedural history of this case,

which, in relevant part, is as follows:

>         This [matter arises from] a custody [dispute] between . . .
> [Father and Mother].  [I]n June [] 2021, the parties agreed to
> participate in a custody evaluation during their [c]ustody
> [c]onference.  . . .  [T]he parties [also] executed [the Court
> Conciliation and Evaluation Services ("CCES")-required] Consent
> and Waiver form ("CCES Consent and Waiver").  There[after], . .
> . [the trial c]ourt entered an [o]rder requiring that the parties
> participate in [CCES].

---

[1] **See** 23 Pa.C.S.A. § 5339.

The parties participated in the CCES evaluation resulting in a report dated October 11, 2021. [Father later alleged] that Mother delayed the CCES process by failing to timely remit her application fee. Mother's [asserted] delay w[ould have been] a direct breach of the CCES Consent and Waiver that she voluntarily signed, which requires the application fee to be paid within 14 days. Father remitted his application fee on June 4, 2021. . . . [Mother's p]ayment was not confirmed until July 6, 2021, when Father's counsel contacted CCES [following several inquiries by Father's counsel directed to Mother and her attorney].

On September 16, 2021, Mother filed an Emergency Petition for Reassignment of CCES Evaluator Due to Conflict of Interest ("Mother's Emergency Petition"). Mother's emergency filing did not occur until after the parties had attended all sessions necessary for the completion of the evaluation report. . . . [Further: previously], [i]n January [] 2021, Mother filed a Protection [F]rom Abuse [("PFA")] Petition[,] . . ., [which she later] withdrew . . .[,] with prejudice, without a hearing.

Mother's Emergency Petition asserts an alleged conflict of interest regarding the CCES evaluator, Helen (Betsy) Leatherman, MS, LPC, CAADC [("Ms. Leatherman")]. . .. On September 3, 2021, Mother's counsel sent a letter [to] Reb Brooks, Ed.M., Director of CCES . . ., requesting a new evaluator be assigned and alleging [several] conflicts of interest [including that Ms. Leatherman may have known Father's sister because the two had previously worked at St. Luke's Penn Foundation ("Penn Foundation"); Ms. Leatherman used a term of endearment ("Little Wayne") for Father; and Ms. Leatherman commented on Father's attractiveness.]

* * * *

Further, Mother alleged that [Ms. Leatherman] made statements that Father would get more custodial time and suggested that Mother be more flexible. Lastly, Mother alleged that Mother's mother ("Maternal Grandmother") was asked to consent to some[ unknown] thing before Maternal Grandmother's session with [the e]valuator. . . . [I]n her Emergency Petition, [and apparently] in direct breach of the CCES Consent and Waiver, Mother asked that any recordings from all sessions throughout the CCES evaluation process be released to counsel for parties and to the [c]ourt.

[I]n September [] 2021, Father filed a Response with Counterclaim to Mother's Emergency Petition[,] followed by an Amended Response with Counterclaim ("Father's Counterclaim") . . .. Father's Counterclaim was for bad faith, vexatious ligation. Mother [filed no] response to Father's [c]ounterclaim . . ..

Father's Response to Mother's Emergency petition addressed each of Mother's alleged conflicts of interest. Attached to Father's Response [wa]s a letter authored by [the d]irector of CCES, dated September 7, 2021, in response to Mother's counsel's letter requesting a new evaluator. Father [indicated in his response that Ms. Leatherman had no prior interaction with or knowledge of his sister; "Little Wayne" referred to the parties' child, and Ms. Leatherman never used the term to refer to Father; and conceding that while Ms. Leatherman commented on both parties' "drive and determination," she did not comment on Father's attractiveness.]

* * * *

[T]h[e c]ourt entered . . . [o]rder[s] listing a hearing date of November 5, 2021, in consideration of Mother's [e]mergency [p]etition and Father's [c]ounterclaim.

On November 3, 2021, less than forty-[e]ight hours before the scheduled hearing, Mother served a [s]ubpoena . . . upon [Penn Foundation]. The [s]ubpoena requested that Penn Foundation produce "[a]ny and all documentation regarding the work schedule of [Ms. Leatherman] . . .." Counsel for Penn Foundation attempted to communicate with Mother's counsel to withdrawal the [s]ubpoena and received no response.

On November 4, 2021, Robert A. Pinel, Esquire, Counsel for . . . Penn Foundation . . ., filed a Motion to Quash Subpoena of Non-Party St. Luke's Penn Foundation . . ..

On November 5, 2021, th[e c]ourt held [a] ["]hearing["] [on] Mother's [e]mergency [p]etition and Father's [c]ounterclaim. Immediately preceding the hearing, the parties participated in a conference with th[e c]ourt and Mother agreed to withdraw her petition. [Attorney Pinel, attorney for Penn Foundation, attended the hearing, as well.]

[O]n the record, Mother moved to withdraw[] her [e]mergency [p]etition. The reason provided for Mother's withdrawal of her [e]mergency [p]etition was that Mother, in good faith, reasonably believed she could subpoena [the CCES e]valuator solely on the limited issue [of whether] an alleged, yet unsubstantiated, conflict of interest existed between Father and [the e]valuator. Mother did not testify []or call any other witnesses to provide any additional evidence. [Father's counsel made argument for his counterclaim for attorney's fees. Father's counsel also marked several exhibits, but none were formally admitted into evidence, nor did Father testify or present other evidence.] At the end of the [proceedings], the [c]ourt took the issue of attorney's fees under advisement.

On May 18, 2022, th[e c]ourt entered an [o]rder [awarding Father attorney's fees.]

Trial Court Opinion, 8/11/22, at 1-6 (footnotes and citations to the record omitted). Mother timely moved for reconsideration; however, no order denying the motion is docketed. Mother then timely appealed on June 17, 2022 and both she and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issue for our review:

Do the facts of record support the finding that Mother acted in bad faith or vexatiously, such that would warrant a sanction in the form of attorney's fees?

Mother's Brief at 3.

Our standard of review is well-settled: "[W]e will not disturb a trial court's determination absent an abuse of discretion. A trial court has abused its discretion if it failed to follow proper legal principles or misapplied the law." *Moyer v. Leone*, 260 A.3d 245, 252 (Pa. Super. 2021) (citation omitted); *see also A.L.-S. v. B.S.*, 117 A.3d 352, 361 (Pa. Super. 2015) (explaining that this Court's review "in cases involving counsel fees is limited to

determining whether [the] trial court abused its discretion") (internal citation omitted).

In her sole issue, Mother asserts that the trial court abused its discretion in ordering her to pay Father's attorney's fees. Section 5339 of the Child Custody Act,[2] provides, "Under this chapter, a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith." 23 Pa.C.S.A. § 5339. "A suit is vexatious, such as would support an award of counsel fees, if it is brought without legal or factual grounds and if the action served the sole purpose of causing annoyance." *Dong Yuan Chen v. Saidi*, 100 A.3d 587, 592 (Pa. Super. 2014). A party may be charged with initiating an action in "'bad faith' if [s]he filed the suit for purposes of fraud, dishonesty, or corruption." *Moyer v. Leone*, 260 A.3d 245, 255 (Pa. Super. 2021). The burden is on the moving party to establish by a preponderance of the evidence his or her entitlement to attorney's fees. *See In re Roos' Estate*, 451 A.2d 255, 256-57 (Pa. Super. 1982). Crucially,

> [d]isposition of claims . . . generally requires an *evidentiary hearing*. However, no hearing is necessary where the facts are undisputed. We have further held that, *where the record is unclear as to whether the appellant brought the instant action vexatiously or in bad faith, the trial court errs in awarding attorney's fees and costs in the absence of a hearing to determine whether the appellant actually acted vexatiously or in bad faith*.

---

[2] 23 Pa.C.S.A. §§ 5321-5340.

***Moyer***, 260 A.3d at 255 (internal brackets and quotations omitted; emphasis added);[3] ***see also In re Estate of Burger***, 852 A.2d 385, 391 (Pa. Super. 2004).[4] An award of attorney's fees "serves not to punish all those who initiate legal actions that are not ultimately successful . . .. Rather, the statute focuses attention on the conduct of the party from whom counsel fees are sought and on the relative merits of that party's claims." ***Dong Yuan Chen***, 100 A.3d at 592.

Mother's argument is straightforward. She asserts that "[t]he only factual proceeding relevant [to] the instant appeal was the hearing held on November 5, 2021." Mother's Brief at 4. Mother maintains, however, that the parties entered no evidence at the hearing, but, rather, "[a]t best, the hearing was simply oral argument between counsel." ***Id***. Mother emphasizes that neither Mother nor Father were sworn in as witnesses to offer testimony, nor were there any facts in the form of stipulations. ***See id***. at 5-6. Instead, "[t]he [t]rial [c]ourt regularly cited filings of record, such as Father's petition seeking attorney's fees, but the allegations therein were never admitted,

_____

[3] As noted above, and per ***Moyer***, an "evidentiary hearing" is generally required, which, of course, is a hearing at which "evidence is presented, as opposed to a hearing at which only legal argument is presented." Black's Law Dictionary (11th ed. 2019).

[4] Pennsylvania Rule of Civil Procedure 1915.5(d) provides that, in custody matters, apart from exceptions not germane to this issue, "a responsive pleading shall not be required. If a party files a responsive pleading, it shall not delay a hearing or trial."

stipulated, or proven facts of record." *Id*. at 6. Mother asserts that Father had the burden of proof, but the trial court took no evidence in support of Father's counterclaim. *See id*. at 7.

The trial court concluded that Mother's conduct "through the entire matter" was in bad faith, vexatious, and arbitrary, and the facts were "mostly uncontested." *See* Trial Court Opinion, 8/11/22, at 9. The trial court found Mother had been "noncooperative when Father's counsel attempted to address Mother's delayed payment." *Id*. The court also found that Mother's emergency petition was dilatory as she filed it after the completion of all nine sessions, though the allegations were based on the first three. *See id*. Additionally, in a letter sent to Mother's attorney, the CCES director addressed Mother's concerns about Ms. Leatherman's alleged conflict of interest, asserting, more specifically, that Ms. Leatherman had not worked at Penn Foundation at the same time as Father's sister. *See id*. at 10. The court also concluded Mother's late, and overly broad, subpoena of personnel files from Penn Foundation was an "attempt[] to annoy and harass non-parties." *Id*. The trial court further noted that Mother's emergency petition included a request for recordings which violated her prior written waiver of that same right. *See id*. at 11.

Following our review, we vacate the order awarding Father attorney's fees and remand for an evidentiary hearing. We note that the trial court concluded that Father had made a *prima facie* case of Mother's bad faith,

vexatious, and arbitrary conduct, "which remained mostly uncontested," and, as Mother failed to rebut the evidence, Father satisfied his burden and was therefore entitled to attorney's fees. *See* Trial Court Opinion, 8/11/22, at 9 (citing *In re Roos*, 451 A.2d at 256). However, in *Roos*, the trial court held an *evidentiary* hearing at which it heard testimony by the party seeking attorney's fees; and the opposing party failed to offer testimony in rebuttal. *See In re Roos*, 451 A.3d at 256. Here, in contrast, the trial court held no *evidentiary* hearing. In a hearing that spans approximately eight pages of transcripts, the trial court heard legal argument but took no evidence or testimony. For example, while Mother's subpoena to Penn Foundation, along with several responsive letters by Penn Foundation's counsel, was marked as an exhibit, Mother's counsel objected to admission of the attached letters; and the trial court failed to rule on the objection, and further, did not formally enter the letters into evidence. *See* N.T., 11/5/21, at 8-9. Additionally, Father did not testify. *See generally id*. Also, the trial court failed to distinguish between which facts were undisputed based on the record (*e.g.*, Mother's last-minute subpoena and Penn Foundation's motion to quash the subpoena) and which required presentation of evidence at an evidentiary hearing (*e.g.*, whether Ms. Leatherman made the contested statements at the custody evaluation; whether Ms. Leatherman and Father's sister ever encountered each other; the circumstances of Mother's delayed CCES payments and the reasons therefore; and whether Mother had a good-faith

- 8 -

basis for believing her emergency petition did not violate her previous waiver of her right to seek recordings from the evaluation).

The trial court thus failed to consider whether the undisputed facts properly gleaned from the record alone were sufficient to support Father's claim for attorney's fees, or whether additional evidence was required to establish the factual bases for Father's claim. *See In re Estate of Burger*, 852 A.2d at 391; *see also Moyer*, 260 A.3d at 255-56 (reversing an order awarding attorney's fees where the record did not contain "undisputed facts" establishing bad faith conduct, and remanding for the trial court to hold a hearing "to develop the record on the issue of whether [the] conduct, in light of the relative merits of [the] claim, was repetitive, vexatious, or in bad faither as a matter of law, and, if so, determine a reasonable award of counsel fees . . ..").  Therefore, we vacate the order awarding Father's attorney's fees and remand for an evidentiary hearing at which Father may present evidence in support of his claim, and Mother will have the opportunity to rebut Father's evidence.[5]  After presentation of evidence, the trial court shall decide anew

_____

[5] We observe that Father's amended response and counterclaim for attorney's fees stemmed from the allegation—namely the assertion of Ms. Leatherman's conflict of interest—in Mother's Emergency Petition, filed on September 16, 2021.  *See* Father's Amended Response with Counterclaim, 9/20/21, at ¶ 16 (asserting that Mother's Emergency Petition "represents bad faith, vexatious litigation"); *accord* Father's Fees Schedule, p.1 (Reproduced Record, 200a) (detailing charges for Father's counsel's actions, beginning on September 3, 2021, in response to Mother's assertion of Ms. Leatherman's conflict of interest).  The remedy Father sought is thereby limited to "counsel fees related
*(Footnote Continued Next Page)*

whether the evidence presented is sufficient to establish Mother's bad-faith or vexatious litigation and, thereby, whether Father is entitled to attorney's fees.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2023

---

to this action," *i.e.*, Mother's Emergency Petition.  **See** Father's Amended Response with Counterclaim, 9/20/21, at p. 7.