# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernard A. D'Amour, William C. : 
Boegly, Francis M. Higgins, Joseph : 
Arrell, William Albany, George : 
Clement, Henry Hasson, James Herzog, : 
William Raquet and John Sheehan, : 
                  Appellants : 
                   : 
          v. :   No. 957 C.D. 2018
                   :   Argued: June 6, 2019
Lower Merion Township and : 
Board of Commissioners of : 
The Township of Lower Merion and : 
Board of Trustees of The Township of : 
Lower Merion Police Pension Fund : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge (P.)
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: August 30, 2019**

Bernard A. D'Amour, William C. Boegly, Francis M. Higgins, Joseph Arrell, William Albany, George Clement, Henry Hasson, James Herzog, William Raquet, and John Sheehan (collectively, Retirees) appeal from an Order of the Court of Common Pleas of Montgomery County (trial court), denying Retirees' Motion for Post-Trial Relief (Motion). Retirees filed the Motion after the trial court entered an order denying their complaint seeking declaratory judgment against Lower Merion

Township and the Board of Commissioners of The Township of Lower Merion, and Board of Trustees of The Township of Lower Merion Police Pension Fund (collectively, Township). Retirees sought a declaratory judgment that the Township was required to include its non-elective contributions to the Deferred Compensation Plan as part of Retirees' salary for pension benefit calculations. We agree with Retirees and reverse and remand this matter to the trial court to determine, in light of the following opinion, what past contributions are owed to the Pension Fund and when the cause of action accrued for each Retiree to ascertain whether any claims are barred by the applicable four-year statute of limitations.

## I. Factual Background

The parties submitted stipulated facts to the trial court as follows. The Township is a First Class Township located in Montgomery County, Pennsylvania. Retirees were all employed by the Township as police officers and, at the time of their retirement,[1] were members of the police department's command staff.[2] The Township provides command staff with two sources of retirement income: a Pension Fund, pursuant to the Police Pension Fund Act, commonly referred to as

---

[1] The dates of hire, promotion to command staff, and retirement for each of the Retirees is as follows: Hasson was hired in 1963, promoted in 1973, and retired in 1994; Herzog was hired in 1967, promoted in 1996, and retired in 1999; Sheehan was hired in 1967, promoted in 1976, and retired in 1993; Raquet was hired in 1969, promoted in 1988, and retired in 1997; Clement was hired in 1970, promoted in 1983, and retired in 2001; Albany was hired in 1976, promoted in 1996, and retired in 2004; D'Amour was hired in 1978, promoted in 1998, and retired in 2011; Higgins was hired in 1979, promoted in 1998, and retired in 2015; Boegly was hired in 1979, promoted in 1997, and retired in 2016; Arrell was hired in 1984, promoted in 2000, and retired in 2012. (Stipulation of Facts ¶ 4.) Herzog passed away on December 17, 2016.

[2] Retirees became command staff upon attaining the rank of lieutenant, captain, or superintendent. Command staff, such as Retirees, were not members of the Fraternal Order of Police, Lodge 28 or subject to its collective bargaining agreement with the Township. (*Id.* ¶¶ 3, 21.)

2

Act 600,[3] and a Deferred Compensation Plan, pursuant to Section 8.2 of the Fiscal Code[4] and Section 457 of the Internal Revenue Code, 26 U.S.C. § 457. The interplay of these two types of compensation and the effect that interplay had on Retirees' contributions to the Pension Fund and the amount of their pension benefits form the basis for the current dispute.

### a. Pension Fund

The Township created the Pension Fund by ordinance in 1966. Police officers are required to pay into the Pension Fund a designated portion of their "compensation on which social security taxes are payable," although the percentage of that compensation has changed over the years. (Stipulation of Facts ¶¶ 15-17.) Upon retirement, an officer's pension payment is "1/2 the [officer's] monthly average salary, not including longevity," for the last 48 months of employment, for those who became retired or disabled prior to January 1, 1979, or on or after January 1, 1982, and, for those who became retired or disabled on or after January 1, 1984, pension payment is "1/2 the [officer's] monthly salary, including longevity," for the last 36 months of employment.. (*Id.* ¶ 20.) This complies with the requirements of Section 5(c) of Act 600, 53 P.S. § 771(c) ("Monthly pension or retirement benefits . . . shall be computed at one-half the monthly average salary of such member . . . ."). The Township, after enacting various amendments to the ordinances throughout the years, enacted an ordinance in 2008 (2008 Ordinance) to move the provisions of the Pension Fund into a comprehensive new plan document entitled the Pension Plan.

---

[3] Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§ 767-778.
[4] Act of March 30, 1811, P.L. 145, *as amended*, added by Section 2 of the Act of November 6, 1987, P.L. 394, 72 P.S. § 4521.2.

3

*b. Deferred Compensation Plan*

By resolutions passed in 1974 and 1975, the Township established the Deferred Compensation Plan for the benefit of management level employees, which included Retirees upon their promotions to command staff. The purpose of the Deferred Compensation Plan was "to provide retirement income and other deferred benefits to" participants "in accordance with the provisions of Section 457 of the Internal Revenue Code." (Stipulation of Fact ¶ 23.) For those who elect to participate in the Deferred Compensation Plan, the Township makes a non-elective and non-discretionary[5] contribution (Township Contribution) in "an amount equal to 7% of the employee's annual base salary." (*Id.* ¶¶ 26, 31.) Participants may also elect "to contribute into the [Deferred Compensation] Plan at their discretion" (Participant Contribution), but such contribution is not required. (*Id.* ¶ 28.) Participants cannot receive the Township Contribution unless it is deposited into the Deferred Compensation Plan account. Social Security and Medicare taxes are deducted from the Township Contribution and the Participant Contribution, and the Township Contribution "is reported on the Form W-2, Wage and Tax Statement." (*Id.* ¶¶ 38, 41.) The Township Contribution is not subject to federal income tax until it is withdrawn from the Deferred Compensation Plan Account.

The Deferred Compensation Plan is administered in compliance with Section 8.2 of the Fiscal Code, which provides the Township with the authority to create and administer the plan and requires that income deferred thereunder be included as "regular compensation" for retirement benefits. 72 P.S. § 4521.2(e)(5).

---

[5] The Township Contribution is considered non-discretionary because it is made without regard to whether or in what amount a participating employee makes an elective contribution. (Stipulation of Facts ¶ 31.)

4

The Township also administers the Deferred Compensation Plan through two governing documents: the Deferred Compensation Plan and Trust, and the Master Trust Agreement. The Master Trust Agreement provides generally that the Township and Deferred Compensation Plan participants agree to defer specified amounts from the participants' total compensation. (*See* Reproduced Record (R.R.) at 371a-75a.) The Deferred Compensation Plan sets forth additional governing procedures and the Township's obligations under the Deferred Compensation Plan and provides that participation in the Deferred Compensation Plan will not affect benefits receivable under the Pension Fund. (*See id.* at 159a-65a.) These documents, as well as the Fiscal Code and Internal Revenue Code provisions and corresponding regulations (Federal regulations), control the Deferred Compensation Plan.

### c. The Township's Treatment of the Township Contribution

The Township Contribution has "never been included as compensation from which the [c]ommand [s]taff made their member contributions to the" Pension Fund nor has it been "included in 'final average salary' for the calculation of each [participant's pension] benefit." (Stipulation of Facts ¶¶ 43-44.) Participant Contributions, however, are included in a participant's final average salary for purposes of pension benefit calculations.

The Township prepares biannual actuarial reports for the Pension Fund as required by Act 205.[6] An actuarial study completed in 1995 stated that, for pension purposes, average monthly pay was "defined as W-2 pay for purposes of the

---

[6] Act of December 18, 1984, P.L. 1005, *as amended*, 53 P.S. §§ 895.301-895.307. Act 205 requires that municipalities conduct a study for cost estimates prior to the adoption of any modification to a pension plan. Section 305 of Act 205, 53 P.S. § 895.305. This Court has held that where an arbitrator award modifies a pension plan "in the absence of an Act 205 cost estimate," the award is "an illegal act necessitating vacation." *Shippensburg Police Ass'n v. Borough of Shippensburg*, 968 A.2d 246, 251 (Pa. Cmwlth. 2009).

Medicare portion of Social Security tax . . . ." (*Id.* ¶ 50.) A draft 1997 actuarial report generated for the Township stated the same. This prompted a memorandum from the then-assistant Township manager, who noted that the Township Contribution should not be included in the definition of final average salary and this "distinction" should be "clarif[ied]" when the Township next updated its Pension Fund. (*Id.* ¶ 53.) The final 1997 actuarial report expressly provided "[p]ay does not include the Township[ C]ontribution to any [Deferred Compensation Plan]," (R.R. at 203a), and every actuarial report since then has stated the same, (Stipulation of Facts ¶¶ 56-57).

After not being required to contribute to the Pension Fund from 1996 to 2004, an amendment to the Pension Fund ordinance in 2005 required that all officers contribute to the Pension Fund via biweekly payroll deductions. Shortly thereafter, a payroll "malfunction" resulted in the Township Contribution being included in the employees' contributions to the Pension Fund. (*Id.* ¶ 59.) The Township discovered and corrected the "error" by providing officers with a reimbursement for the "mistakenly increased contribution" to the Pension Fund. (*Id.* ¶ 60.) Command staff personnel then inquired as to why the Township Contribution was not being included as final average salary for pension benefit calculations but were unable to reach a resolution with the Township on this issue.

The Township then passed the 2008 Ordinance in July 2008, which included a definition of "compensation/monthly average salary" that expressly excluded the Township Contribution. (*Id.* ¶¶ 62, 64.) Those Retirees still employed with the Township on August 1, 2008, notified the Township that they did not believe the Township had the authority to change the definition of compensation for calculating pension benefits.

## II. Retirees' Complaint and Trial Court Decision

Retirees filed their Complaint against the Township on November 25, 2008, seeking a declaratory judgment that the Township had improperly calculated their pension benefits by not including the Township Contribution as part of their salaries. Following the Township's Answer and New Matter and Retirees' reply thereto, the docket remained inactive until a notice to terminate was filed in 2013, which prompted statements of intention to proceed and preparation for pretrial. Pursuant to the trial court's order, the case was submitted and considered on stipulated facts in October 2017. The trial court issued an order in April 2018 denying Retirees' action for declaratory judgment, concluding that the Township "was NOT required to include [its] deferred compensation payments in the [Retirees'] 'salary' when calculating the [Retirees'] Police Pension Fund benefit." (Trial court Order, April 11, 2018 (emphasis omitted).)

Retirees filed the Motion, arguing the trial court's April 11, 2018 order was against the weight and sufficiency of evidence, was contrary to law, and that Retirees had sustained their burden of proof. After argument, the trial court denied the Motion. Retirees appealed and, at the trial court's direction, filed their statement of errors complained of on appeal (Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b). In their Statement, Retirees argued the trial court erred in its interpretation of the Fiscal Code and the governing documents of the Deferred Compensation Plan, and therefore erred in denying declaratory judgment and the Motion.

The trial court issued its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), explaining its decision as follows. Section 8.2(e)(5) of the Fiscal Code states "[a]ny income deferred under such authorized

7

agreement shall continue to be included as regular compensation for computing retirement and benefits." 72 P.S. § 4521.2(e)(5). The trial court interpreted the term "income deferred" in that section as "income that the employee elected to receive at a later time," and not "additional compensation provided by the employer, for which there was no salary reduction . . . [or] deferral of income." (Rule 1925(a) Opinion (Op.) at 4.) Additionally, the trial court examined Section 8.2(h)(1) of the Fiscal Code, which provides that deferred compensation plans serve in addition to pension plans, and a corresponding section in the Master Trust Agreement, stating that participation in the Deferred Compensation Plan would not affect benefits receivable under a retirement or pension plan. Based on these provisions, the trial court reasoned that this deferred compensation "shall not be part of any retirement pension system for officers or employees." (*Id.*)

Relying upon *Borough of Nazareth v. Nazareth Borough Police Association*, 680 A.2d 830 (Pa. 1996) (*Nazareth II*), the trial court explained that "salary" denotes base salary unless the parties agreed to expand that definition through past practice or agreement. Because the Township has never included the Township Contribution as salary for the purpose of calculating pension benefits, there was no past practice or agreement justifying an expansion of the definition. Further, the trial court cited as support the Township's 2008 Ordinance that codified the Township's past practice by expressly excluding the Township Contribution from the term compensation. For the foregoing reasons, the trial court concluded that it properly denied Retirees' declaratory relief and the Motion.

8

## III.  Issues on Appeal

On appeal,[7] Retirees argue the trial court erred as a matter of law in finding that the Township Contribution is not includable as salary for Pension Fund purposes.  The Township argues the trial court did not err in its conclusion, but also asserts that Retirees' claims are barred by the statute of limitations as an alternative basis for affirming the trial court.  Both Retirees and the Township seek counsel fees, asserting that the other party has engaged in obdurate and/or vexatious conduct.

### a.  Whether the Township Contribution is salary for Pension Fund purposes.

#### 1.  Retirees' Arguments

Retirees argue that the trial court erred in finding that the Fiscal Code does not require the Township to include the Township Contribution in calculating Retirees' pension benefits as follows.  Contrary to the trial court's reasoning, the language "[a]ny income deferred under [a deferred compensation plan] shall continue to be included as regular compensation for computing retirement and benefits earned" in Section 8.2(e)(5) explicitly creates a statutory obligation for the Township Contribution to be included in the pension benefit calculation.  (Retirees' Brief (Br.) at 25-26 (emphasis omitted) (citing 72 P.S. § 4521.2(e)(5); *Christiana v. Pub. Sch. Emps.' Ret. Bd.*, 669 A.2d 940, 945 n.3 (Pa. 1996)).)  The trial court's reading of the phrase "income deferred" to conclude that the Township Contribution was additional compensation is contrary to the statutory language, the Master Trust Agreement, and the Deferred Compensation Plan and Trust.

---

[7] Our review "regarding a denial of post-trial motions is whether the trial court abused its discretion or committed an error of law."  *Johnson v. City of Philadelphia*, 808 A.2d 978, 980 n.1 (Pa. Cmwlth. 2002).

Retirees also argue that under the Internal Revenue Code, deferred compensation is subject to state income tax and local earned tax when it is deposited into the Deferred Compensation Plan account and subject to federal income taxation when it is distributed to the employee. The Township Contribution is reported on Retirees' W-2 Forms and tax statements, Social Security and Medicare taxes are deducted from it, and it is included for purposes of calculating state and local tax. Thus, the Township Contribution is compensation that should be considered salary for pension purposes.

Retirees also rely upon Act 600 and the Pension Fund ordinance. Although Act 600 requires pension benefits be calculated based upon salary, it does not define salary. However, the Pension Fund ordinance makes evident that the Township Contribution should be considered salary, as it requires officers to pay into the fund an amount based upon "compensation on which social security taxes are payable." (Retirees' Br. at 43 (emphasis omitted).) Because those taxes are payable on the Township Contribution, the Township Contribution is salary for pension purposes. Further, pursuant to *Borough of Nazareth v. Nazareth Borough Police Association,* 636 A.2d 1289 (Pa. Cmwlth. 1994) (*Nazareth I*), *aff'd,* *Nazareth II*, 680 A.2d 830 (Pa. 1996), the term salary under Act 600 has been interpreted to include **all** forms of compensation arising from the conditions of employment. The Township made its contribution as part of its regular payroll on a biweekly basis; thus, it is salary under case law interpreting Act 600. The trial court's conclusion that the Township never expanded the term salary beyond base salary to include the Township Contribution is not accurate because, by the terms of the Pension Fund ordinance, pensions are calculated on W-2 wages, which include more than simply base salary. The Township's ongoing failure to include the Township Contribution as salary and

10

its exclusion of the Township Contribution in the Act 205 actuarial studies beginning in 1997 does not excuse its obligation to treat the Township Contribution as salary for pension purposes.

### 2. Township's Arguments

The Township responds that the Township Contribution is not "the type of 'deferred compensation'" that Section 8.2 of the Fiscal Code or federal regulations address. (The Township's Br. at 19.) The provisions of Section 8.2 on the whole relate to changing the amount of deferred compensation, ceasing deferrals, and deferrals by payroll deductions, which can only be done with Participant Contributions. Therefore, where Section 8.2 of the Fiscal Code uses the language "income deferred," it refers only to **elective** deferrals by employees. Section 457 of the Internal Revenue Code and the federal regulations distinguish elective deferrals and employer contributions by separately defining them and, thus, the distinction should be recognized. Further, the Township Contribution, a fixed percentage, is not a deferral of compensation presently due to Retirees, but is an **additional** payment made directly to the Deferred Compensation Plan account. (*Id.* at 24-25 (citing *Schuylkill Haven Borough v. Schuylkill Haven Police Officers Ass'n*, 914 A.2d 936, 940 (Pa. Cmwlth. 2006)).).

With regard to the governing documents of the Deferred Compensation Plan and Pension Fund ordinance, the Township argues those documents do not support Retirees' position. Because the Master Trust Agreement stated that participation in the Deferred Compensation Plan would not affect the employees' rights to participate in other available pension plans, it is clear that the Township Contribution would not affect, i.e., increase, the calculation of pension benefits. The Township contends that although the Deferred Compensation Plan does not modify Act 600

11

pension funds, this should not allow employees to receive a windfall under the Pension Fund for mere participation in the Deferred Compensation Plan.

The Township argues that the case law interpreting the term salary under Act 600 supports the trial court's conclusion. Because Retirees never made contributions to the Pension Fund based upon the Township Contribution, it should not be included as final average salary now. Based upon precedent from this Court and the Supreme Court, the term salary means base salary alone unless the parties have otherwise agreed through past practice or agreement to include other compensation. (The Township's Br. at 48-51 (citing *Nazareth II*, 680 A.2d at 834; *Palyok v. Borough of W. Mifflin*, 586 A.2d 366 (Pa. 1991)).) Accordingly, the Township Contribution is not includable because it is not considered base salary and has not been included as such through past practice or agreement.

Finally, the Township argues that we would be prohibited by Act 205 from ordering the Township to include the Township Contribution in the calculation of Retirees' pension benefits because such a determination would be a modification of the Pension Fund. The Township asserts that neither an arbitration panel nor reviewing court can order the implementation of a Pension Fund modification without an Act 205 actuarial study.

3. Analysis

The issue is whether the Township's Contribution should be considered "salary" under the Pension Plan. Therefore, we begin by reviewing the term salary as it has been defined by Act 600 and the parties' past practices and agreements through the Pension Fund ordinance and the Deferred Compensation Plan. Until the 2008 Ordinance, which is not the controlling Pension Fund ordinance for most of these Retirees, there was no definition of salary in the Pension Fund governing

12

documents. Moreover, as both parties agree, Act 600 does not define salary, but the Supreme Court did in *Nazareth II* where it held that "the term 'salary' as embodied in Act 600 denotes base salary and excludes other forms of compensation unless the parties through past practice or agreement have expanded this definition." 680 A.2d at 834. Here, while the parties' past practice has not expanded the definition, it appears they may have done so by agreement. *Nazareth II* is instructive.

In *Nazareth II*, a borough appealed from an order upholding an Act 111[8] interest arbitration award that required police pensions to be based on gross earnings. This Court affirmed, interpreting the term salary as including all forms of compensation. *Nazareth I*, 636 A.2d at 1292. The issue before the Supreme Court on appeal was "whether pension benefits are to be calculated on the basis of a pensioner's gross earnings rather than merely that pensioner's base salary when it is found that there is **no inequity between the income-driven bases upon which pension contributions are paid**." *Nazareth II*, 680 A.2d at 831 (emphasis added).

The Court relied on prior case law interpreting the undefined term "salary" under Act 600 to guide its analysis. The Supreme Court examined this Court's decision in *Borough of Beaver v. Liston*, 464 A.2d 679 (Pa. Cmwlth. 1983), where this Court held that overtime pay was not salary when a retiree did not have pension fund contributions deducted from that overtime pay. The Court also noted that it addressed the same issue in *Palyok*, 586 A.2d at 368, wherein it similarly concluded that overtime and extra work pay should be considered salary for pension benefits when a retiree contributes to the pension fund based on those forms of compensation. The Court emphasized that its decision in *Palyok* was "based on the premise that '[t]o permit the Borough to **require contributions** from the overtime and extra work

---

[8] Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1-217.10.

13

compensation while **denying the advantage** of the additional compensation in the benefit formula would be **inconsistent and inequitable**.'" *Nazareth II*, 680 A.2d at 834 (quoting *Palyok*, 586 A.2d at 368) (emphasis added). Considering these principles of consistency and equity, the Court defined salary as set forth above. Applying that to the facts of the case, the Court found that the borough had misrepresented that no contributions had been made and had not presented evidence as to what had been included in member contributions to the pension fund in the past. Without this information the Court could not determine whether there was inequity between the basis upon which contributions were paid into the plan and upon which pension benefits were paid out upon vesting. *Id.*

We understand *Nazareth II* as focusing on the parity between the compensation upon which **contributions** to the pension fund are calculated and the compensation upon which **payments** from the pension fund are calculated. Here, Retirees have not made contributions into the Pension Fund from the Township Contributions. (Stipulation of Facts ¶ 43.) However, under the terms of the Pension Fund ordinance, Retirees' contributions to the Pension Fund **should have been calculated** as follows:

> (1) [o]n compensation on which social security taxes are payable, at a rate calculated by subtracting from 5% the product obtained by multiplying 3% by their full social security old-age insurance benefit offset of .50.

> (2) [o]n compensation in excess of that on which social security taxes are payable, if any, 5%.

(*Id.* ¶ 17; 1989 Police Pension Fund ordinance, R.R. at 133a (emphasis added).)

In contravention of these terms of the Pension Fund ordinance, Retirees' contributions did not include the Township Contribution in the calculation even

14

though Retirees paid social security taxes on the Township Contribution. Instead, the Township consistently excluded the Township Contribution from member contributions paid into the Pension Fund and from members' salaries upon which the amount of their pension benefits would be calculated and paid out from the fund.

Therefore, while there is technically "no inequity here between the income-driven bases upon which pension contributions [were] paid," *Nazareth II*, 680 A.2d at 831, this is only because the Township did not comply with the Pension Fund ordinance.[9] To focus on the parity between Retirees' contribution and the pension payments they receive overlooks and arguably condones the Township's noncompliance with the plain language of its own Pension Fund ordinance.

The Township is required to include the Township Contribution for both member contributions to the Pension Fund and pension benefit calculations not only by its own Pension Fund ordinance, but also the governing provisions of the Fiscal Code, the federal regulations, and the Deferred Compensation Plan.

Section 8.2(e)(5) of the Fiscal Code provides that:

> All deferred compensation plans shall be administered in compliance with section 457 and any other provisions of the Internal Revenue Code of 1986 (Public Law 99-514, 26 U.S.C. § 457) and applicable to the plans. **Any income deferred under such authorized agreement shall continue to be included as regular compensation for computing retirement and benefits earned** by any Commonwealth, political subdivision or municipal authority officer or employe, but any sum deferred shall not be included in the computation of any Federal income taxes to be withheld.

---

[9] While there may not be inequity between the money contributed and the money paid out as contemplated by the Supreme Court in *Nazareth II*, Retirees still experienced some inequity from the Township's treatment of the Township Contribution. The Township taxed the Township Contribution to each Retirees' Deferred Compensation Plan account as if it was a form of compensation or salary but then did not include it as such for pension benefit calculations.

72 P.S. § 4521.2(e)(5) (emphasis added). Section 8.2(e)(5) makes no distinction between income deferred via a Participant Contribution through payroll deduction or an employer's non-elective contribution.

The definitional sections of the Federal regulations and the Deferred Compensation Plan governing documents expressly include both employer contributions and employee deferrals in the relevant definitions of total compensation or deferred compensation. For example, under the Federal regulations, annual deferrals include "compensation deferred . . . whether by salary reduction or by nonelective employer contribution." 26 C.F.R. § 1.457-2(b), (k). Further, the Master Trust Agreement states that total compensation is the total "paid by the Employer for the services of the Employee, regardless of the terms used," including "base pay" and "employer's contributions." (Master Trust Agreement, R.R. at 371a.) The Deferred Compensation Plan and Trust defines includible compensation, as set forth in the Internal Revenue Code, to include both elective deferrals by participants and employer contributions. (Deferred Compensation Plan and Trust, R.R. at 137a (citing Section 415(c)(3) of the Internal Revenue Code, 26 U.S.C. § 415(c)(3).[10]) The Deferred Compensation Plan treats all compensation the same under the Plan.

Given this, we cannot conclude that the Township was not statutorily and contractually required by the Fiscal Code, the Pension Fund ordinance, and Deferred Compensation Plan to include the Township Contribution as salary, despite its past practice to the contrary. The 1995 Act 205 actuarial study explicitly interpreted "salary" in the Pension Fund as including the Township Contribution, as did the

---

[10] Section 415 governs limitations on benefits and contributions for qualified plans, including, among others, deferred compensation plans. Section 415 of the Internal Revenue Code, 26 U.S.C. § 415(c)(3).

initial calculation of member contributions in 2005, which was the first time since 1996 that members had to contribute to the Pension Fund. Thus, the Township's actions, through the memo from the then-assistant Township manager after the 1995 Act 205 actuarial study and through its correction of the "payroll malfunction" in 2005, reflect that the Township was aware to some extent that it was required to treat the Township Contribution as part of Retirees' contributions to the Pension Fund and their salary for calculating their pension benefits.

The Township's 2008 Ordinance does not alter our analysis. In the 2008 Ordinance, the Township defined monthly average salary/compensation as:

> (a)(1) Compensation means the compensation to be used in determining the monthly final average salary shall be **the same compensation** used by the Social Security Administration in its **computation of the Medicare portion of the Social Security Tax**, plus elective contributions, for the applicable period. . . . Elective contributions are amounts excludable from the employee's gross income contributed to the employer, at the employee's election:
>
> - A cafeteria plan . . .
> - A deferred compensation plan (excludable under [Internal Revenue Code] [S]ection 457).
>
> . . .
>
> (a)(3) Compensation – Notwithstanding the provisions of Section 1.3(a)(1), **any employer contribution to a deferred compensation plan shall be excluded from the participant's compensation.**

(Stipulation of Facts ¶ 64; R.R. at 170a-71a (emphasis added).) This definition supports our conclusion that salary, generally, is the compensation on which social security taxes are payable, which includes the Township Contribution. The Township could not relieve itself from its preexisting obligation to Retirees by

17

expressly excluding the Township Contribution through the passage of the 2008 Ordinance.

Therefore, although the Township's past practice has been to exclude the Township Contribution from salary, the Township expanded the definition of salary through agreement via the Pension Fund ordinance and Deferred Compensation Plan's governing documents, which are consistent with the Fiscal Code. Through the Pension Fund ordinance, the Township agreed to include as salary compensation on which social security taxes are payable, and it further agreed through its establishment of the Deferred Compensation Plan under Section 8.2(e)(5) of the Fiscal Code to treat "[a]**ny income deferred**" as regular compensation for computing pension benefits. 72 P.S. § 4521.2(e)(5) (emphasis added). The Township's obligation to include the Township Contribution as salary is statutory and contractual, and its past practice to the contrary does not excuse its duty to do so for Retirees. Therefore, the trial court erred by concluding otherwise.

Our analysis of this issue is not complete, however, because the Township asserts that, even if the Court agrees with Retirees, the Court cannot order Township to include the Township Contribution as salary because this would be a pension plan modification necessitating an Act 205 actuarial study. We disagree. There is no modification where an arbitrator or court orders a municipality to administer its pension plan in a manner that is consistent with the text of the pension plan. *See, e.g.*, *City of Wilkes-Barre v. Wilkes-Barre Police Benevolent Ass'n* (Pa. Cmwlth., No. 1145 C.D. 2017, filed June 4, 2018), slip op. at 17 (*Wilkes-Barre Police*),[11] (an arbitration award ordering a municipality to do something that was "merely

---

[11] *Wilkes-Barre Police*, an unreported opinion, is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

consistent with the City's written policy," "was not a modification to the [pension] plan that required an Act 205 study"); *City of Wilkes-Barre v. Wilkes-Barre City Fire Fighters Local Union No. 104* (Pa. Cmwlth., No. 1575 C.D. 2017, filed Oct. 11, 2018), slip op. at 12. Because the Township has been required by the Pension Fund ordinance, the Deferred Compensation Plan governing documents, and the Fiscal Code to include the Township Contribution, it is not a modification of the Pension Fund to order the Township to comply with these provisions. Instead, it is requiring the Township to do that which is "merely consistent with the [Township's] written policy." *Wilkes-Barre Police*, slip op. at 17.

For these reasons, we conclude that the Township should have included the Township Contribution as salary when it calculated the amounts Retirees had to pay into the Pension Fund and when it calculated the pension benefits for Retirees. As both parties agree, the Township Contribution was not included in the past when calculating Retirees' contributions to the Pension Fund. Accordingly, the appropriate contributions to the Pension Fund based on the inclusion of the Township Contribution in Retirees' salaries has not been made.

  b. *Whether Retirees' claims are barred by the statute of limitations.*

The Township argues, as an alternative basis upon which to affirm the trial court, that even if the Township Contribution should have been included as salary, Retirees' claims are barred at least in part by the statute of limitations. *See Kutnyak v. Dep't of Corr.*, 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth. 2000) (stating that this Court "may affirm on other grounds where grounds for affirmance exist"). The Township contends that the 30-day statute of limitations applies, as Retirees are challenging the adoption of the 2008 Ordinance that excluded the Township

19

Contribution from the definition of compensation in the Pension Fund. Section 5571.1(b)(1) of the Judicial Code, 42 Pa. C.S. § 5571.1(b)(1).[12] Alternatively, the Township contends that Retirees' Complaint is barred by the two-year statute of limitations, as it is an action against a "government unit for the nonpayment of money." Section 5524(6) of the Judicial Code, 42 Pa. C.S. § 5524(6).[13] In that case, the Township asserts, the statute of limitations began to run in 1998 when the Township released its 1997 Act 205 actuarial study, a document to which Retirees had access and which provided notice that the Township Contribution was not included as salary.

Retirees did not file a reply brief to address the Township's statute of limitations arguments, but they did address this issue in a reply brief before the trial court. Retirees asserted that Section 5571.1 of the Judicial Code is inapplicable, as some Retirees were no longer employed by the Township at the time the 2008 Ordinance was passed; thus, the 2008 Ordinance would not apply to them. Because they filed a declaratory judgment action, Retirees contended their claims are governed by a four-year statute of limitations. Retirees also asserted that the continuing violations doctrine applied because the exclusion of the Township Contribution from Retirees' salary was a continuing practice for which the Court should grant relief that would otherwise be time-barred. Retirees disagreed that publicly available actuarial studies provided notice tolling the statute of limitations,

---

[12] Section 5571.1(b)(1) provides "[a]ny appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance." 42 Pa. C.S. § 5571.1(b)(1).

[13] Section 5524(6) provides that "[a]n action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession," "must be commenced within two years." 42 Pa. C.S. § 5524(6).

as Retirees had no reason to be on notice that the Township was not following the Pension Fund provisions and the Fiscal Code.

Although the Township argues that Retirees' claims are subject to a 30-day or 2-year statute of limitations pursuant to, respectively, Sections 5571.1(b)(1) and 5524(6) of the Judicial Code, 42 Pa. C.S. §§ 5571.1(b)(1), 5524(6), we disagree. Retirees' Complaint does not allege any defect in procedure or enactment of the 2008 Ordinance. In their Complaint, Retirees assert only that the Township cannot retroactively apply the 2008 Ordinance to them. Therefore, the 30-day statute of limitations under Section 5571.1(b)(1) does not apply. Section 5524(6), a two-year statute of limitations, also does not apply because Retirees did not file a complaint for the nonpayment of money by a government officer, but rather sought a declaration based upon the Township's statutory and contractual duties.

Retirees filed their Complaint as an action for declaratory judgment, seeking, among other things, an order declaring that the Township was unable to exclude the Township Contribution as salary. Their Complaint can also be viewed as a contract action because pension benefits are viewed as contractual rights that participating members may enforce through actions brought under a theory of breach of contract, *Borough of Nanty Glo v. Fatula*, 826 A.2d 58, 63-64 (Pa. Cmwlth. 2003), and the Complaint challenges the Township's breach of its obligations under the Pension Fund and the Deferred Compensation Plan governing documents. Both declaratory judgment and contract actions are subject to a four-year statute of limitations. Section 5525(a) of the Judicial Code, 42 Pa. C.S. § 5525(a); *Green v. Pa. Prop. & Cas. Ins. Guaranty Ass'n*, 158 A.3d 653, 659 (Pa. Super. 2017) (citing *Selective Way Ins., Co. v. Hosp. Grp. Servs., Inc.*, 119 A.3d 1035, 1046 (Pa. Super. 2015) (en banc)) (holding that declaratory judgment actions relating to rights and duties under a

21

contract are subject to a four-year statute of limitations).[14]  Thus, whether viewed as a declaratory judgment action or a contract action, Retirees' Complaint is subject to a four-year statute of limitations.

A statute of limitations begins to run when an action accrues and an action accrues "when an actual controversy exists[, which is] where a case presents clearly antagonistic positions or claims indicating imminent and inevitable litigation." *Green*, 158 A.3d at 660.  However, under the discovery rule, the statute of limitations may not begin to run until "the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct."  *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000).  Questions regarding when a party's injury and its cause are discovered or discoverable are questions of fact, which an appellate court cannot decide.  *Id.* at 612-13.

Here, the stipulations of fact entered into by the parties are insufficient to determine when Retirees' cause of action accrued or if the statute of limitations was tolled.  The stipulations of fact do not indicate when Retirees realized or should have realized that the Township Contribution was not included in salary or when the actual controversy existed.  It is, therefore, unclear when the statute of limitations began to run for each Retiree.  Accordingly, we remand to the trial court for further proceedings to develop facts to resolve the outstanding issues regarding the application of the four-year statute of limitations to each Retiree's claim.

c. *Whether either party is entitled to counsel fees*.

Finally, both parties assert that they are entitled to counsel fees.  Retirees argue that the Township has exhibited obdurate conduct that warrants counsel fees.

---

[14] Although not binding on this Court, Superior Court decisions can be considered for their persuasive value.  *A.S. v. Pa. State Police*, 87 A.3d 914, 919 n.9 (Pa. Cmwlth. 2014).

22

In Retirees' view, the Township blatantly disregarded the Fiscal Code and Pension Fund ordinance, persisting in this conduct even after it acknowledged its wrongdoing. Specifically, Retirees rely upon the memorandum sent by the then-Township manager in response to the draft 1997 Act 205 actuarial study in which the Township manager stated that the Township Contribution should not be included as compensation.

The Township asserts that Retirees are not entitled to attorneys' fees because they have not stated a claim with factual evidence illustrating obdurate or vexatious conduct throughout the litigation. Rather, the Township argues, Retirees have engaged in vexatious conduct by "commenc[ing] a time-barred action to pursue relief that they were never promised and never expected." (The Township's Br. at 59.) The Township contends that Retirees ignored the Township's past practice, which was acknowledged in the publicly available actuarial studies, and proceeded to pursue this action relying upon a misrepresentation of case law, the Fiscal Code, and Act 600. By asserting that the Township engaged in vexatious conduct without providing evidence of such, the Township argues, Retirees have engaged in their own vexatious conduct entitling it to attorneys' fees.

Section 2503(7) of the Judicial Code provides that a party is entitled to reasonable counsel fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct **during the pendency of a matter**." 42 Pa. C.S. § 2503(7) (emphasis added). This Court has determined that a party acts vexatiously when instituting suit "without sufficient grounds and serving only to cause annoyance." *Springfield Twp., Bucks Cty. Bd. of Supervisors v. Gonzales*, 632 A.2d 1353, 1356 (Pa. Cmwlth. 1993). Dilatory conduct exists where "the record demonstrates that counsel displayed a lack of diligence that delayed proceedings

23

unnecessarily and caused additional legal work." *In re Estate of Burger*, 852 A.2d 385, 391 (Pa. Super. 2004). Finally, obdurate conduct exists when a party is "stubbornly persistent in wrongdoing." *Id.* at 392 (citation omitted).

Retirees assert that the Township engaged in obdurate or vexatious conduct because it knew since 1997 that the Township Contribution was not included in salary, but it did not officially amend the definition of compensation until 2008. This does not constitute vexatious conduct **during the pendency of the matter** but relates to the Township's actions prior to when Retirees filed suit. Further, Retirees have not supported its request for counsel fees with any evidence that the Township engaged in dilatory, obdurate, or vexatious conduct by persisting in wrongdoing or lack of diligence resulting in delay. Nor has the Township met its burden of proof on its request for counsel fees, as it points to no evidence to support its position that Retirees lacked sufficient grounds for filing suit, acted with delay, or persisted in wrongdoing during the course of the litigation. Therefore, neither party is entitled to counsel fees.

## IV. Conclusion

The Township was obligated by agreement under the Pension Fund ordinance, the Deferred Compensation Plan, and the Fiscal Code to include the Township Contribution as salary, regardless of the Township's past practice otherwise. Therefore, we reverse the trial court's Order denying Retirees' claims. Because the Retirees' claims are governed by a four-year statute of limitations, additional evidence is required to determine when the claims accrued and to determine if any claims are time-barred. Moreover, because the Township Contribution was not included as salary for calculating Retirees' contributions to the Pension Fund,

additional evidence is also required to determine what contributions to the Pension Fund are owed in light of the foregoing opinion for any claims that are not time-barred. We, therefore, remand to the trial court for further proceedings. Finally, neither party has established that they are entitled to counsel fees.

<br>

                           _____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernard A. D'Amour, William C.   :
Boegly, Francis M. Higgins, Joseph   :
Arrell, William Albany, George   :
Clement, Henry Hasson, James Herzog,   :
William Raquet and John Sheehan,   :
                Appellants   :
  :
         v.   :   No. 957 C.D. 2018
  :
Lower Merion Township and   :
Board of Commissioners of   :
The Township of Lower Merion and   :
Board of Trustees of The Township of   :
Lower Merion Police Pension Fund   :

# **O R D E R**

    **NOW**, August 30, 2019, the Order of the Court of Common Pleas of Montgomery County is **REVERSED** and this matter is **REMANDED** for further proceedings in accordance with the foregoing opinion.

    Jurisdiction relinquished.

<br>

                                 _____

                                  **RENÉE COHN JUBELIRER,** Judge