J-S16002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN RE:  ESTATE OF TIMOTHY P. LUCAS A/K/A TIMOTHY LUCAS | : IN THE SUPERIOR COURT OF<br>:          PENNSYLVANIA<br>:<br>: |
| APPEAL OF:  PATRICIA ANN NEWRANSKY | :<br>:<br>:<br>:<br>: |
| | : No. 1123 WDA 2025 |

Appeal from the Order Entered August 13, 2025
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  02-23-1317

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED: June 9, 2026**

Patricia Ann Newransky appeals from the supplemental order, entered in the Court of Common Pleas of Allegheny County, Orphans' Court Division, upon remand from this Court.  We affirm.

We previously adopted the factual recitation of the Orphans' Court as follows:

> Timothy P. Lucas [("Testator")] died testate on January 26, 2023.  On February 22, 2023, [Newransky] petitioned the Register of Wills [for Allegheny County] to issue a citation directed to [Testator's attorney] to produce the original [will].  In a joint response to the petition, [Testator's attorney] and Jeffrey McSteen, issue of a deceased beneficiary under the will, asserted and aver[r]ed [as] new matter that the language of the will expressly overrode[2] Pennsylvania's Anti-Lapse Statute, 20 Pa.C.S.[A.] § 2514(9) [(the "Anti-Lapse Statute")] with respect to the bequest to [Testator's] predeceased mother, but such intent did not exist for the bequests to [Testator's] siblings.
>
> > [2] [Testator's will left his entire estate to his mother and provided that] "[i]n the [e]vent of my [m]other's

death my [e]state will be equally divide[d] among my brother[,] Eugene D. Lucas[,] and my sisters[,] Mrs. Lorraine McSteen and Mrs. Patricia A. Newransky." [Last Will and Testament of Timothy P. Lucas, at 1 (unpaginated).]

On March 17, 2023, Jeffrey McSteen [] petitioned the Register of Wills for [a] citation to be issued and directed to [Newransky] to show cause why [McSteen] should not be appointed [administrator] of [] Testator's estate. After [] a conference before [a] hearing officer[,] the hearing officer ordered the parties [to] file briefs addressing the issues of who should be appointed administrator [or administratrix] of the estate and whether the Anti-Lapse Statute applies. The hearing officer subsequently issued an opinion and order, holding that [Newransky] shall be appointed [administratrix] pursuant to 20 Pa.C.S.[A.] § 3155(b) and that the Anti-Lapse Statute applies with respect to the inheritance under the will. The hearing officer ordered that [Newransky] receive 1/3 of the residue and the children of the deceased siblings receive the remaining 2/3 of the [residue].

On June 28, 2023, letters of administration [cum testomento annexo] were granted to [Newransky].

On May 29, 2024, [Jeffrey McSteen] filed [a "]Petition for Interpretation of Last Will and Testament of Timothy Lucas: Application of 20 Pa.C.S.A. § 2514["] with [the Orphans' C]ourt. The parties filed briefs on the issue and a hearing was held on August 6, 2024. By stipulation, the parties [agreed to forgo] any external testimony and evidence, as the issue at bar was purely an issue [to be decided] as a matter of law.

Orphans' Court Opinion, 11/15/24, at 2-3 (extraneous capitalization[, some footnotes,] and record citations omitted).

On August 30, 2024, the [O]rphans' [C]ourt granted Jeffrey McSteen's petition seeking an interpretation of the will and found that the "Testator's use of the word 'among' [in the will] was insufficient[,] as a matter of law[, to] indicate with reasonabl[e] certainty that [Testator] intended to override the Anti-Lapse Statute." Orphans' Court Order, 8/30/24. Based upon its finding that the Anti-Lapse Statute applied, the [O]rphans' [C]ourt held that, "[a]s a matter of law, the Testator's intent [was to divide]

the residue [of the estate] 'equally among' the class [pursuant to a] per capita distribution [scheme]." *Id.* The [O]rphans' [C]ourt ordered that the residue of the estate be distributed as follows:

(a) 1/3 of the residuary estate to [Newransky]; and

(b) 2/3 of the residuary estate to the issue of Eugene Lucas (Deceased) and Lorraine McSteen (Deceased), per capita.

*Id.* [Newransky timely appealed.]

*In re Estate of Lucas*, 344 A.3d 1073, at *1-*2 (Pa. Super. 2025) (Table) (some alterations and omissions from Orphans' Court opinion restored).

On appeal, Newransky challenged the Orphans' Court's application of the Anti-Lapse Statute[1] as well as its finding that Testator's "intent in dividing

---

[1] Generally, "[a] legacy lapses when the legatee dies in the lifetime of [the] testator." *In re Estate of Harper*, 975 A.2d 1155, 1159 (Pa. Super. 2009) (citation omitted). Pursuant to the Anti-Lapse Statute, however, "a [] legacy in favor of a child or lineal descendant of the testator does not lapse where such [] legatee leaves issue surviving." *Id.* at 1159. The purpose of the statute "is to reduce the incidence of lapses, which are generally disfavored in the law." *Harper*, 975 A.2d at 1160. The Anti-Lapse Statute provides as follows:

(9) **Lapsed and void devises and legacies; substitution of issue.**--A devise or bequest to a child or other issue of the testator or to his brother or sister or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator: Provided, That such a devise or bequest to a brother or sister or to the child of a brother or sister shall lapse to the extent to which it will pass to the testator's spouse or issue as a part of the residuary estate or under the intestate laws.

(10) **Lapsed and void devises and legacies; shares not in residue.**--A devise or bequest not being part of the residuary

*(Footnote Continued Next Page)*

- 3 -

the residue of his estate 'equally among' his siblings favored a per capita distribution but ordered a per stirpes distribution."[2] *Id.* at *2. This Court affirmed the Orphans' Court's application of the Anti-Lapse Statute but concluded that the court improperly ordered a per capita, rather than per stirpes, distribution to the surviving issue of the deceased beneficiaries. As such, we remanded the case to the Orphans' Court for the entry of the instant supplemental order, which directs a per stirpital distribution of the two-thirds share payable to the issue of the deceased beneficiaries. The one-third share payable to Newransky remained the same.

_____

estate which shall fail or be void because the beneficiary fails to survive the testator or because it is contrary to law or otherwise incapable of taking effect or which has been revoked by the testator or is undisposed of or is released or disclaimed by the beneficiary, if it shall not pass to the issue of the beneficiary under the provisions of paragraph (9) hereof, and if the disposition thereof shall not be otherwise expressly provided for by law, shall be included in the residuary devise or bequest, if any, contained in the will.

(11) **Lapsed and void devises and legacies; shares in residue.**--When a devise or bequest as described in paragraph (10) hereof shall be included in a residuary clause of the will and shall not be available to the issue of the devisee or legatee under the provisions of paragraph (9) hereof, and if the disposition shall not be otherwise expressly provided for by law, it shall pass to the other residuary devisees or legatees, if any there be, in proportion to their respective shares or interests in the residue.

20 Pa.C.S.A. § 2514(9)-(11).

[2] We note that the court did, in fact, order a per capita distribution of the two-thirds share be distributed to the issue of the deceased beneficiaries in its original order. *See* Orphans' Court Order, 8/29/24.

Following remand, on August 13, 2025, the Orphans' Court entered its supplemental order in accordance with the dictates of this Court's July 1, 2025 memorandum decision, directing that the estate be distributed as follows:

(a)  1/3 of the residuary estate to [] Newransky;

(b)  1/3 of the residuary estate to the issue of Eugene Lucas (Deceased); and

(c)  1/3 of the residuary estate to the issue of Lorraine McSteen (Deceased).

Supplemental Order, 8/13/25.

Newransky filed a timely notice of appeal followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  In her Rule 1925(b) statement, as well as in her appellate brief, Newransky raised three issues that were identical to those raised in her earlier appeal. Newransky also raised a fourth issue:[3]  "Whether the [Orphans'] Court erred in finding that the [] Anti-Lapse Statute[] applies to a lapsed residual bequest when there are surviving residual legatees?"  Pa.R.A.P. 1925(b) Statement, 9/30/25, at 2; Brief of Appellant, at 9.

On December 31, 2025, this Court issued a rule to show cause why Newransky's appeal should not be dismissed on the grounds that three of the four issues raised on appeal are identical to those raised in her prior appeal and Newransky "appears to have waived [Issue Four] by failing to raise it in

---

[3] This issue is numbered as Issue 3 in Newransky's Rule 1925(b) statement and brief.  For ease of disposition, we refer to it as the "fourth issue" or "Issue Four."

the prior appeal[.]" Order, 12/31/25, at 2. On January 9, 2026, Newransky filed a response to the rule to show cause, in which she averred that the fourth issue "was neither previously decided by this Court nor waived, as it was not ripe or applicable at the time of the prior appeal." Response to Rule to Show Cause, 1/9/26, at 1 (unpaginated). Newransky argued:

> In its July 1, 2025 non-precedential decision, this Court affirmed in part, vacated in part, and remanded the matter to the [O]rphans' [C]ourt. Specifically, while the Court affirmed the applicability of the Anti-Lapse Statute generally, the Court's [memorandum decision] stated that, upon remand, the [O]rphans' [C]ourt "may" change the distribution to per stirpes; it did not direct that it "shall" do so.[4]

---

[4] Contrary to Newransky's assertion, our prior memorandum decision could not have been clearer in its instruction to the Orphans' Court. After explicitly concluding that the Orphans' Court had erred in directing a per capita distribution of the two-thirds portion of the estate not being distributed to Newransky, we stated the following:

> For the reasons set forth herein, we affirm, in part, the August 30, 2024 order, insofar as it determined that Testator did not intend to override the Anti-Lapse Statute concerning the bequests to his siblings. **We vacate, in part, the August 30, 2024 order to the extent it directs that two-thirds of the Estate's residue be distributed to the issue of Eugene Lucas and Lorraine McSteen per capita. We remand the case so the [O]rphans' [C]ourt may enter a supplemental order directing that the distribution to the issue of Eugene Lucas and Lorraine McSteen be made on a per stirpes basis in accord with this decision**.

*In re Estate of Lucas*, 344 A.3d 1073, at *5 (emphasis added). Thus, upon remand, it is clear that the Orphans' Court lacked any discretion to do anything other than enter an order effectuating the scheme of distribution directed by this Court. *See Albright v. Wella Corp.*, 359 A.2d 460, 462-63 (Pa. Super. 1976) ("A lower court is without power to modify, alter, amend, set aside or
*(Footnote Continued Next Page)*

As a result, following the July 1, 2025 decision, the operative method of distribution remained unresolved. Whether the [O]rphans' [C]ourt would reaffirm a per capita distribution or enter a per stirpes distribution was a critical distinction that directly affected the scope and relevance of potential appellate issues.

Issue [Four]—whether 20 Pa.C.S.[A.] § 2514(9) applies to a lapsed residual bequest where there are surviving residuary legatees—was not implicated by the [Orphans' Court]'s original order, which provided for a per capita distribution. That result was the precise outcome [Newransky] sought at that time. Accordingly, Issue [Four] was neither adverse to [Newransky] nor necessary to preserve in the prior appeal.

Only after the [O]rphans' [C]ourt entered its August 13, 2025 order, clearly directing that the residuary be distributed per stirpes, did Issue [Four] become both ripe and necessary. Until that clarification occurred, [Newransky] reasonably believed that an appeal addressing the scope and application of the Anti-Lapse Statute to a per capita residual distribution would be premature and potentially advisory.

*Id.* at 2-3 (unpaginated). On March 11, 2026, this Court discharged the rule to show cause, allowed the appeal to proceed, and noted that a final determination would be made by the merits panel. *See* Order, 3/11/26.

It is well-established that the law of the case doctrine bars a party from relitigating claims or issues that have been resolved previously within the same action, either in a prior appeal or by a judge of coordinate jurisdiction. *Pollock v. Nat'l Football League*, 171 A.3d 773, 781 (Pa. Super. 2017), citing *Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003) ("Among rules that comprise the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question

in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal.") (citation omitted).

- 7 -

previously decided by the appellate court in the matter; [and] (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court[.]" (internal quotation marks and citation omitted)). Succinctly stated, "in a second appeal, this Court cannot change resolution of a legal question actually decided by a prior panel of this Court." *In re Estate of Elkins*, 32 A.3d 768, 776 (Pa. Super. 2011). Thus, it is clear that Newransky is now precluded from relitigating the three issues that were decided in her prior appeal.[5]

In an apparent attempt to circumvent the law-of-the-case doctrine, Newransky presents a new claim—Issue Four—that, she asserts, "could not have been meaningfully raised" at the time of her prior appeal and, thus, is not waived. Response to Rule to Show Cause, 1/9/26, at 2 (unpaginated). Specifically, Newransky challenges the application of subsection (9) of the Anti-Lapse Statute, arguing that, because the shares in question are contained in the residuary estate, subsection (11) should apply. Under Newransky's reading of subsection (11) and our Supreme Court's decision in *In re Bickert's Estate*, 290 A.2d 925 (Pa. 1972), "when a lapsed or void gift 'shall be included in the residuary clause,' and no substitute gift is otherwise provided, it 'shall pass to the other residuary devisees or legatees . . . in

---

[5] Newransky concedes in her response to the rule to show cause that this Court's prior decision controls the disposition of the three issues raised in the prior appeal. *See* Response to Rule to Show Cause, 1/9/26, at 2 (unpaginated).

proportion to their respective shares.'" Brief of Appellant, at 19. Newransky argues that, because, here, the lapsed gift was included in the residuary clause and Testator did not provide for a gift over, she—the "other residuary legatee"—is entitled to the entire residuary estate.

Contrary to Newransky's argument that Issue Four was not ripe for determination at the time of the prior appeal, this claim goes directly to the issue decided by this Court, i.e., the proper application of the Anti-Lapse Statute. Indeed, if Newransky's interpretation of subsection (11) were the correct one—which it is not[6]—she would have been entitled to the entire residuary estate rather than a mere one-third share. Thus, because Newransky could have raised this claim in her first appeal but failed to do so, she has waived it. **See** Pa.R.A.P. 1925(b)(4)(vii) (issues not included in Rule 1925(b) concise statement waived). Accordingly, she is entitled to no relief.

Order affirmed.

_____

[6] Subsection (11) of the Anti-Lapse Statute applies only where a residuary bequest "**shall not be available to the issue** of the . . . legatee under the provisions of paragraph (9)" of the statute. 20 Pa.C.S.A. § 2514(11) (emphasis added). In this case, there are surviving issue of the deceased residuary legatees available to take the shares bequeathed to their parents and, as such, subsection (11) is inapplicable. Moreover, unlike in **Bickert**, here, Testator left no surviving issue who would be entitled to take under either the residuary estate or the laws of intestacy. Thus, **Bickert** does not control.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/9/2026